UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC, | : : : |
| Plaintiff, | : : |
| v. | : CASE NO. : : |
| RYAN LACEDONIA, | : : |
| Defendant. | : : |

**COMPLAINT**

Plaintiff, TIAA-CREF INDIVIDUAL & INSTITUTIONAL SERVICES, LLC ("TIAA") files this Complaint against Defendant, RYAN LACEDONIA ("Lacedonia"), seeking preliminary injunctive relief to preserve the *status quo* and to prevent irreparable harm to TIAA pending an arbitration proceeding before the Financial Industry Regulatory Authority ("FINRA") and, in support thereof, states:

**I.    PARTIES**

1.     TIAA is a limited liability company which is incorporated and has its principal place of business in New York.  TIAA is wholly owned by its sole member, Teachers Insurance and Annuity Association of America, a New York life insurance company with its principal place of business in New York.

2.     Lacedonia is a former employee of Teachers Insurance and Annuity Association of America and was registered with FINRA through TIAA.

3.     Lacedonia was a Wealth Management Advisor for TIAA in its Tampa, Florida office.

4.     Lacedonia is a citizen of Florida residing in Tampa, Florida.

## II.    JURISDICTION AND VENUE

5.     This Court has jurisdiction over this dispute by virtue of diversity of citizenship, 28 U.S.C. §1332. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

6.     Venue is proper both because a transaction or occurrence out of which the cause of action arose took place in this District and Lacedonia resides in this District.

## III.    FACTS

### A.    LACEDONIA'S CONTRACTUAL OBLIGATIONS

7.     Lacedonia commenced his affiliation with TIAA in 2015. TIAA paid for Lacedonia's registrations with various securities exchanges, provided him with accounts to service, and gave Lacedonia many other benefits throughout his affiliation with the company. As a result of the many benefits given to him by TIAA, Lacedonia gained access to and familiarity with clients investing hundreds of millions of dollars in assets with the company.

8.     In connection with his ongoing affiliation with TIAA, Lacedonia signed a Confidentiality and Non-Solicitation Agreement (the "Agreement") containing non-solicitation and confidentiality covenants, a true and accurate copy of which is attached as Exhibit "A."

9.     The Agreement restricts Lacedonia's use of TIAA's confidential and trade secret information. (*See* Exhibit "A" at ¶1).

10.     Lacedonia also agreed not to interfere with TIAA's Client Relationships at any time during his employment and for twelve (12) months following the termination of his employment. (*See* Exhibit "A" at ¶2(d)).

11.     The Agreement also expressly provides as follows:

> **EMPLOYEE'S AFFIRMATION OF THOROUGH REVIEW**. EMPLOYEE AFFIRMS THAT EMPLOYEE HAS CAREFULLY READ THIS AGREEMENT, KNOWS AND UNDERSTANDS ITS TERMS, CONDITIONS AND EFFECTIVE DATE, AND HAS HAD THE OPPORTUNITY TO ASK ANY QUESTIONS THAT EMPLOYEE MAY HAVE PRIOR TO SIGNING THIS AGREEMENT." (*See* Exhibit "A" at ¶11) (capitalization and bold in the original).

12. The Agreement at ¶7 further provides that TIAA is entitled to preliminary and/or permanent injunctive relief upon its breach or threatened breach and to expedited discovery in aid of a preliminary injunction motion:

> Employee's actual or threatened breach of this Agreement shall entitle the Company to temporary, emergency, preliminary, and permanent injunctive relief to compel Employee's specific performance of Employee's obligations under this Agreement, it being agreed that any breach or threatened breach of this Agreement by Employee would cause immediate and irreparable injury to the Company that could not be adequately compensated by money damages…. The Company shall also be entitled to expedited discovery without the need for a court order authorizing such discovery, including depositions, in connection with any proceeding alleging breach or threatened breach of this Agreement, regardless of whether expedited discovery would otherwise be available under applicable law.

13. The Agreement is just a part of TIAA's efforts to maintain the confidentiality of its client information. Wealth Management Advisors are also required to review and acknowledge their agreement to abide by the TIAA Code of Conduct protecting the confidentiality of information.

14. TIAA also limits access to client information through the utilization of computer passcodes.

**B. LACEDONIA IS VIOLATING HIS CONTRACTUAL AND OTHER OBLIGATIONS**

15. Lacedonia resigned from TIAA in April 2022.

16. In spite of Lacedonia's promise not to "solicit, divert, take away, or attempt to solicit, divert, or take away any Client with whom Employee had Material Contact…," multiple

3

TIAA clients have advised the company that, before even giving notice of his resignation, Lacedonia solicited them to leave TIAA.

17. Since Lacedonia resigned, TIAA has made repeated attempts to have him comply with the Agreement.

18. Earlier this month, however, TIAA received a call from a client advising the company that Lacedonia has joined called her on one or more occasions.

19. This client made clear that Lacedonia had not called to announce his new affiliation with Equitable Advisors, LLC ("Equitable") but, rather, to solicit her in violation of the Agreement.

20. TIAA clients already have transferred millions of dollars in assets to Lacedonia and more undoubtedly will do so if Lacedonia continues to improperly solicit clients.

## COUNT I – BREACH OF CONTRACT

21. The allegations of Paragraphs 1 through 20 are incorporated herein by reference with the same force and effect as if set forth in full below.

22. Lacedonia's Agreement is governed by New York law. (*See* Exhibit "A" at ¶10).

23. The terms of the Agreement, including the non-solicitation and confidentiality provisions, are enforceable as a matter of New York and/or Florida law.

24. Lacedonia has violated his contractual obligations by, *inter alia*, soliciting clients (as opposed to announcing his new affiliation with Equitable).

25. As a result of the foregoing, TIAA has suffered and will continue to suffer irreparable harm and financial loss.

## COUNT II – BREACH OF THE DUTY OF LOYALTY

26. The allegations of Paragraphs 1 through 20 are incorporated herein by reference with the same force and effect as if set forth in full below.

27. Lacedonia owed a duty of loyalty to TIAA throughout his employment.

28. Lacedonia violated his duty of loyalty by soliciting TIAA clients before giving notice of his resignation.

29. As a result of the foregoing, TIAA has suffered and will continue to suffer irreparable harm and financial loss.

## COUNT III – UNFAIR COMPETITION

30. The allegations of Paragraphs 1 through 20 are incorporated herein by reference with the same force and effect as if set forth in full below.

31. Lacedonia's conduct as described above constitutes unfair competition.

32. As a result of the foregoing, TIAA has suffered and will continue to suffer irreparable harm and ascertainable loss.

**WHEREFORE**, by virtue of the foregoing acts, TIAA demands that judgment be entered in its favor against Lacedonia for preliminary injunctive relief pending an arbitration hearing before FINRA and other relief as the Court may deem appropriate.

Dated: September 29, 2022.

Respectfully submitted:

*/s/Debra A. Jenks*
Debra A. Jenks, Esq.
Florida Bar No.: 521698
JENKS & HARVEY LLP
1555 Palm Beach Lakes Blvd., 16th Floor
West Palm Beach, FL 33401
Phone: 561-346-9854
E-mail: djenks@jenksharveylaw.com
Attorney for Plaintiff

Motion to Appear *Pro Hac Vice* to be filed by and on behalf of:

Christopher C. Coss, Esq.
COSS & MOMJIAN, LLP
Two Bala Plaza, Suite 300
Bala Cynwyd, Pa. 19004
Phone: 610-667-6800
E-mail: ccc@cossmomjian.com
Attorney for Plaintiff